IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE R. ALVAREZ, ) | |
| ) | |
| Plaintiff(s), ) | No. C 08-4444 CRB (PR) |
| ) | |
| vs. ) | ORDER OF DISMISSAL |
| ) | |
| MIKE KANALAKIS, Sheriff, ) | |
| ) | |
| Defendant(s). ) | |
| _____ ) | |

Plaintiff, a prisoner at the Monterey County Jail, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that prison officials failed to protect him from rival gang members. Plaintiff did not exhaust his claim through the jail's administrative grievance process, however.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once

within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

Nonexhaustion under § 1997e(a) is an affirmative defense which should be brought by defendant(s) in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12 (b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). But a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.

Here, plaintiff concedes that he did not present the facts of his complaint for review through the jail's grievance procedure. Compl. at 1. His conclusory claim of fear of retaliation from the correctional staff does not constitute an extraordinary circumstance which might compel that he be excused from doing so. Cf. Booth, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a)).

Accordingly, the complaint is DISMISSED without prejudice to refiling after exhausting the jail's administrative grievance process. See McKinney v.

2

Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

    The clerk shall enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED: Oct. 21, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Alvarez, J1.dismissal.wpd

3